O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| PETER RUIZ, | Case No. EDCV 14-00588-VAP |
|---|---|
| Plaintiff, | EDCR 11-00045-VAP |
| v. | **ORDER SETTING HEARING** |
| UNITED STATES OF AMERICA, | |
| Defendants. | |

Defendant Peter Ruiz moves this Court to vacate his sentence and conviction under 28 U.S.C. § 2255 on the ground that he was denied effective assistance of counsel. (Civ. Doc. No. 1. ("Mot."); Crim. Doc. No. 81 ("Supp. Mot.").)[1] Among other grounds for relief, Defendant contends that he instructed his counsel to

---

[1] Some documents related to this matter have been assigned to a new civil case, 14-cv-00588, while others have been filed under the original criminal docket, 11-cr-00045. Citations to "Civ. Doc. No." refer to the former while citations to "Crim. Doc. No." refer to the latter.

appeal his sentence, but that his counsel failed to do so.  (Mot. at 5.)

If Defendant's contention is true, then Defendant is entitled to relief.  See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."); see also Peguero v. United States, 526 U.S. 23, 28 (1999) ("when counsel fails to file a requested appeal, a defendant is entitled to resentencing and to an appeal without showing that his appeal would likely have had merit").

There is, however, a dispute whether Defendant's contention is true.  According to Defendant: "Immediately after being sentenced, I instructed my attorney to file an appeal of the sentence and he failed to do so."  (Mot. at 5.)  According to Defendant's counsel, Jeffrey A. Aaron ("Counsel"): "After Mr. Ruiz was sentenced, he asked if an appeal could be filed as to the length of his sentence.  We discussed the appellate waiver in his plea agreement, which was [that] Mr. Ruiz would waive his right to appeal any sentence imposed if it was less than thirty years.  Because Mr. Ruiz'[s] sentence was less than thirty years, it was my opinion that Mr. Ruiz had waived his right to appeal.  At the conclusion of our discussion, Mr. Ruiz did not ask me to file a Notice of Appeal."  (Opp'n, Ex. I at ¶ 6.)

The Court is faced with conflicting Declarations as to whether Defendant instructed Counsel to file an appeal.  An evidentiary hearing is required unless the "motions and the files and records of the case conclusively show that the prisoner is entitled to no relief."  See 28 U.S.C. § 2255.  "Evidentiary hearings are particularly appropriate when claims raise facts which occurred out of the courtroom and off the record." United States v. Chacon-Palomares, 208 F.3d 1157, 1159 (9th Cir. 2000).

Defendant's entitlement to relief depends on facts which occurred out of the courtroom and off the record.  Accordingly, an evidentiary hearing is warranted.  The hearing will be set for June 1, 2015, at 9:00 a.m.

Dated: May 7, 2015

VIRGINIA A. PHILLIPS
United States District Judge